IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOURDES E. TRUJILLO,

        Plaintiff,

vs.                                                 CIVIL NO.   04-646 JB/RLP

THE BOARD OF EDUCATION
FOR ALBUQUERQUE PUBLIC
SCHOOLS, and ANTHONY
GRIEGO, individually, and
in his capacity as Principal of
Valley High School,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO COMPEL PLAINTIFF'S DEPOSITION

THIS MATTER is before the Court on Defendants' Motion to Compel Plaintiff's Deposition [Doc. 20]. The Court considered the motion, response and reply and determines that oral argument is not necessary. This matter may be resolved based on the parties' submissions.[1]

### Background

Plaintiff Lourdes E. Trujillo ("Trujillo") filed suit against Defendants alleging unlawful employment discrimination. She brings her claims pursuant to 42 U.S.C. § 1983, as well as Title VII of the Civil Rights Act. Defendants deny Trujillo's allegations.

In their Provisional Discovery Plan [Doc. 15], the parties proposed that discovery would be necessary on all of Trujillo's claims and Defendants' defenses. The parties agreed to standard

---

[1] This motion is being handled by the undersigned Chief Magistrate Judge at the specific request of the trial judge, the Honorable James O. Browning. Judge Browning normally handles all discovery disputes in his cases. However, he is presiding over a high-profile criminal case expected to last multiple weeks, and, as a result, requested that the undersigned Chief Magistrate Judge resolve this motion so as to avoid delay.

limitations on discovery, including caps on the numbers of interrogatories, requests for production and requests for admission. The parties agreed to a total of seven depositions per side.

Trujillo, however, objected to having her own deposition taken, contending that it "unnecessarily added to the cost of litigation" and further objected "on the grounds fairness [sic] and justice" in that she has no attorney and "is not legally capable of making objections and preserving privileges . . . ." [Doc. 15, p. 2] She, instead, proposed responding only to written questions. Trujillo resists the taking of her deposition, and the present motion concerns Defendants' efforts to compel her to submit to discovery.

## **Analysis**

The Federal Rules of Civil Procedure, specifically, Rule 26(b), provide, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Here, the parties already agreed that discovery on Trujillo's claims and on Defendants' defenses is necessary [Provisional Discovery Plan, Doc. 15]. Moreover, it is axiomatic that a party's evidence concerning that party's claims is relevant and discoverable. Indeed, it is hard to fathom what could be more relevant to a party's lawsuit than the plaintiff's own evidence.

Trujillo does not contend that her evidence is privileged; and in the absence of privilege, her evidence is discoverable. Instead, she offers four arguments to oppose her deposition: (1) she contends that her deposition was taken in a prior lawsuit, and, therefore, her testimony in this case is not relevant; (2) she contends that she is without counsel and not capable of stating objections or preserving privilege; (3) she contends that a deposition would be inconvenient and costly and, if any deposition is ordered, it should be taken in her home state; and (4) she argues that Defendants have already served a set of interrogatories and, therefore, have no need to take a deposition.

2

For the reasons stated herein, the Court rejects these arguments and orders that Trujillo submit to a deposition in the District of New Mexico.

It is undisputed that litigation is burdensome and costly. However, it is not Defendants who initiated this lawsuit, but, rather, it was Trujillo who brought this suit in the District of New Mexico. In so doing, Trujillo necessarily assumes the burdens, expenses and inconveniences of the litigation process, including discovery. It would be unfair to allow a party to assert claims for substantial damages against a defendant and then deny the defendant the very tools and evidence it needs to defend itself by simply arguing that submitting to discovery is burdensome and costly.

Trujillo chose the forum. Thus, she must make herself available for a deposition in the chosen forum, even if she must now travel to New Mexico from some other state.

> As a general rule, the plaintiff and the plaintiff's agents and employees must make themselves available for deposition in the district in which the plaintiff has brought the action regardless of any inconvenience this may cause.

1 Discovery Proceedings in Federal Court, § 9.04 (Shepard's Editorial Staff eds., 3d ed. 1995)(3d Ed.); *see also* O'Sullivan v. Rivera, 229 F.R.D. 187, 189 (D.N.M. 2004)("Because the Plaintiff has greater influence over the choice of forum, courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs [internal punctuation omitted]").

Trujillo has not demonstrated the existence of any extraordinary or special circumstances that would cause the Court to alter the general rule. While the Court accepts that returning to New Mexico for a deposition will be both inconvenient and expensive, that is one of the burdens of litigation voluntarily assumed by a plaintiff when she filed suit.

Nor does the fact that Trujillo is representing herself serve to insulate her from the discovery process. Trujillo is employed and is free to retain the services of counsel or seek assistance through publicly funded agencies that provide legal services. She is entitled to represent her own interests in federal court, but must still comply with all rules of practice and procedure imposed on any licensed attorney. Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Trujillo must clearly adhere to the Federal Rules of Civil Procedure, the district's local rules, as well as all Court orders and directives. Id.

The fact that Trujillo's deposition was taken in another case does not bar Defendants from taking her deposition in the present case. Depositions taken in an earlier lawsuit involving the same parties may be used and are admissible in a subsequent lawsuit involving the parties. Rule 32(a). That rule, however, does not bar depositions in a subsequent lawsuit between the parties.

The rules of procedure place limits on re-depositions in a particular case, Fed. R. Civ. P. 30(a)(2)(A). This, however, is a new case and Defendants are entitled to discover evidence relevant to Trujillo's claims in this lawsuit. The deposition in Trujillo's prior case does not bar Defendants from taking the proposed deposition in this case.

Finally, the Court rejects Trujillo's contentions that since Defendants served interrogatories, they have no need to take her deposition. Interrogatories and depositions are not mutually exclusive. Fed. R. Civ. P. 26(a)(5); Richlin v. Sigma Design West, Ltd., 88 F.R.D. 634, 637 (E.D. Cal. 1980). Indeed, most practitioners will first serve a set of interrogatories in order to more adequately prepare for the oral deposition. The purpose of the three interrogatories is to narrow and simplify the issues for trial, and, secondly, to ascertain facts, evidence or learn where evidence may be procured.

Discovery is a right of a party. Moreover, under the Federal Rules of Civil Procedure, discovery is designed to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 986-87 (1958)(citing Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385 (1947)).

Trujillo has not demonstrated why the Court should impose limitations on Defendants' right to obtain information necessary to evaluate a case for settlement or, alternatively, to be prepared to meet the proofs at the time of trial. It is "unfair and abusive for a plaintiff to file a lawsuit and then refuse to make himself available for reasonable questioning regarding his claims." Ashby v. McKenna, 331 F.3d 1148, 1150 (10th Cir. 2003).

## Conclusion

The Court determines that Defendants have a right to Trujillo's evidence and that Trujillo must make herself available for a deposition, at her own cost, in the District of New Mexico.

Trujillo has intimated in her response that should Defendants notice a deposition in the District of New Mexico, she will file a motion for protective order. Trujillo may not file a motion for protective order on any of the grounds asserted here, and if Trujillo fails to cooperate in the discovery process, fails to appear for her deposition or fails to comply with the orders and directives of this Court, sanctions, including dismissal of her case with prejudice, may be imposed. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992); Jones v. Thompson, 996 F.2d 261 (10th Cir. 1993)(affirming dismissal as a sanction for plaintiffs' abuse of the discovery process, including ignoring court orders to submit themselves for deposition).

The parties are directed to confer with one another within five days from receipt of this Court's order so that they may determine a mutually convenient date for Trujillo's deposition. If the parties cannot agree on a date, Trujillo is to provide Defendants at least five separate dates within the ensuing 45 days when she would be available for a day-long deposition in Albuquerque, New Mexico. Defendants will then select one of those five dates and advise Trujillo of the date selected.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge