IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOURDES E. TRUJILLO,

      Plaintiff,

vs.                                                CIV 04cv646 JP/RLP

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS;
and ANTHONY GRIEGO, individually
and in his official capacity as Principal of Valley High;
Albuquerque Public Schools,

      Defendants.

MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the court on Plaintiff's Motion for Order Compelling Defendants Griego and Albuquerque Public Schools to answer interrogatories 1-6 and 8, and to provide verification for those answers. [Docket No. 28]. Plaintiff's Motion is denied.

I.      Verification.

Defendants provided a verification page, signed and sworn to by Defendant Anthony Griego on September 25, 2006, and which Plaintiff contends she did not receive until October 25, 2006. The verification states:

> Anthony Griego, being first duly sworn, states he has read Defendants' Answers and Responses to Pro Se Plaintiff's First Consolidated Discovery Requests and knows the contents thereof, that the answers have been prepared with the assistance of counsel, that the answers are based either on his personal knowledge, the personal knowledge of APS, or on information obtained from Defendants' records, and that the answers are true to the best of his knowledge, information, and belief.

Plaintiff contends that this verification is invalid because it is not based on Defendant Griego's personal knowledge or "information and belief" and is therefore hearsay, and that Defendant Greigo

can not vouch for the information therein.

Plaintiff is in error.   Rule 33(a) of the Federal Rules of Civil Procedure provides that any party may serve upon any other party written interrogatories to be answered, if the party served is an association, "by any officer or agent, who shall furnish such information as is available to the party." The answers provided must speak of the composite knowledge of the party--whether or not that officer or agent has personal knowledge of the facts. 7 *Moore's Federal Practice* ¶ 33.104[2] (Matthew Bender 3rd ed.).  The individual answering may "sign and verify the interrogatories on the basis of knowledge, information, and belief, without first hand knowledge of the information in the responses." *Id.*

I find that Defendants have provided adequate verification for their Answers to Interrogatories.

## II.     Interrogatories 4 and 8.

Defendants objected to Interrogatories No. 4 and 8.  These objections were served on Plaintiff on August 23, 2006, although she contends she did not receive the objections until August 28. Plaintiff wrote to Defendants' counsel on September 7 and 12, regarding the Answers to Interrogatories and objections raised therein.  Defendants responded in a letter dated September 22, elaborating on their objections.  Plaintiff filed this Motion to Compel on  October 16, 2006.

D.N.M. LR-Civ. 26.6 states in material part:

Objections to Discovery.  A part served with objections to:
?      an interrogatory;
\*\*\*
must proceed under D.N.M. LR-Civ.37.1 within twenty (20) calendar days of service on an objection . . .
Failure to proceed within this time period constitutes acceptance of the objection. For good cause, the Court may, *sua sponte* or on motion of a party, change the

twenty(20) day period.

Plaintiff did not file this motion to compel until forty-nine days after she admits receiving the Objections. In her Reply [Docket No. 34], she asks that the court exercise its discretion to extend the deadline, but provides no factors upon which this court could find good cause to do so.

I find that Plaintiff's failure to file her Motion to Compel in a timely fashion pursuant to the requirement of D.N.M. LR-Civ. 26.6 constitutes an acceptance of the objections raised by Defendants to Interrogatories No. 4 and 8.

### III.    Interrogatories No. 1, 2, 3, 5, and 6.

The court has reviewed the Answers and Supplemental Answers provided to Interrogatories 1, 2, 3, 5 and 6. They are responsive and detailed. Further answers will not be required.

RICHARD L. PUGLISI
UNITED STATES MAGISTRATE JUDGE