IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOURDES E. TRUJILLO, *pro se*,

    Plaintiff,

v.                                                              Civ. No. 04-646 JP/RLP

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
and ANTHONY GRIEGO, individually
and in his official capacity as Principal
of Valley High, Albuquerque Public Schools,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on "Plaintiff's Motion and Order Compelling Defendants to Provide Full and Verified Responses to Plaintiff's Second Consolidated Discovery Requests" (Plaintiff's Motion). Having reviewed the parties' submissions, the Court finds that the Motion is granted in part and denied in part.

**Interrogatories**. The Court finds that the responses to Interrogatories 11, 16, and 18 are sufficient.

The Court finds that the answers to Interrogatories 12, 13, 14 and 15 are not sufficient. In these interrogatories, Defendant Griego was asked the dates when certain individuals were interviewed or were hired and the dates when those jobs became available. For each answer, Defendant Griego stated that he either did not know or did not recall "and after reasonable inquiry have been unable to determine the exact date" of the interviews, the hires, or the vacancies.

If the information does not exist, then Defendant Griego should say so. Answering an interrogatory denying possession of materials is adequate "if the responding party specifically states that the information is unavailable." *Cullins v. Hecklwer*, 108 F.R.D. 172, 177 (S.D.N.Y. 1985). The way the responses are worded does not inspire confidence that adequate measures were taken to locate the information sought. Complete and verified responses should be served on Plaintiff within ten (10) days of entry of this Order.

**Requests for Admissions**. Responses to Requests 1, 6, 10, and 13 are sufficient. A party need not say anything other than "admit."

The Responses to Request Nos. 4, 5 and 7 all indicate that Defendants have no records of these letters. Because Plaintiff contends she has signed receipts, then she has the information requested.

As for the response to Request No. 8, the Court agrees with Defendants that just because Plaintiff doesn't agree with the response that is not a reason to compel a different response. The response is sufficient.

**Requests for Production**. In her Request Nos. 1 and 2, Plaintiff requested Defendants produce documents supporting their Answers to Interrogatories and Requests for Admissions. Defendant produced some documents and have evidently found supplemental documents in response to Request Nos. 1 and 2 which, they contend, they were going to produce but then Plaintiff filed the instant Motion. Plaintiff objects to the production as a "bunch of documents" without identifying to which interrogatory or request they are responsive.

If a party wants to submit documents in *lieu* of an answer, that party must identify the interrogatories to which they are responsive. *Oleson v. K-Mart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997). Here, however, Defendants answered interrogatories. The Requests for Production do not indicate that the documents are to be labeled or organized by discovery request. Therefore, the Court finds that Plaintiff's arguments are not well-taken.

Request for Production No. 4 seeks personal information about non-parties. Defendants objected on the ground that the non-parties had expectations of privacy regarding their pay and other personal data. Plaintiff merely contends she needs the information to show pretext for gender discrimination. Plaintiff has not supplied the Court with sufficient information to indicate why information on non-parties is necessary.

Finally, the Court advises Plaintiff that she is under a duty to confer in good faith with opposing counsel prior to filing Motions to Compel. The purpose of the conferring is to limit the number of discovery disputes. All parties must abide by Fed.R.Civ.P. 37(a)(2)(A) and our Local Rules.

IT IS THEREFORE ORDERED that Plaintiff's Motion and Order Compelling Defendants to Provide Full and Verified Responses to Plaintiff's Second Consolidated Discovery Requests [Doc. 36] is granted in part and denied in part;

IT IS FURTHER ORDERED that Defendants' shall serve complete and verified Answers to Interrogatories 12, 13, 14 and 15 within ten (10) days of entry of this Order; and

IT IS FURTHER ORDERED that Plaintiff's Motion is denied in all other respects.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge